O

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION

FELIPE RIVERA, AS NEXT FRIEND OF §
R.R., A MINOR, and GEORGE        §
SANCHEZ,                         §
                                 §
            Plaintiffs,           §
vs.                              §    CIVIL ACTION NO. L-06-19
                                 §
DAVID JONES, STEPHEN YOUNG,      §
HUMBERTO SOLIZ, and WEBB         §
CONSOLIDATED INDEPENDENT SCHOOL  §
DISTRICT,                        §
                                 §
            Defendants.           §
```

                         MEMORANDUM AND ORDER

    Pending is Plaintiffs' Amended Motion for Stay of Execution. (Docket No. 90.) For the reasons herein, the motion is GRANTED. The original motion for stay of execution (Docket No. 89) is DENIED as moot. Plaintiffs Motion for Leave to File Surreply (Docket No. 98) is GRANTED. The Court considered all the parties' motion briefs.

    Plaintiffs are Felipe Rivera, as next of friend to R.R., a minor, and George Sanchez. They sued Defendants in February 2006 for alleged violations of federal constitutional rights. On September 11, 2008, the Court granted summary judgment in favor of Defendants and taxed costs in the amount of $7,599.46 against Plaintiffs. Felipe Rivera died on April 22, 2008, well before judgment was entered, but the Court was not informed of

1

this fact until Plaintiffs filed the instant motion to stay execution in November 2009. Plaintiffs allege they notified Defendants' counsel in September 2008. (Docket No. 90 ¶ 4.) Defendants deny this allegation, but concede that some school officials later heard of Rivera's death. It is distressing that Plaintiffs' attorney did not file the required notice of the death of Felipe Rivera, which would likely have obviated the present controversy. See Fed. R. Civ. P. 25(a)(1) (requiring dismissal of the action if a motion to substitute parties is not filed within 90 days after service of a statement noting the party's death).

An Affidavit of Facts Concerning Identity of [Felipe Rivera's] Heirs was executed on February 18, 2009. (Affidavit, Docket No. 91, Ex. 5.) The affiants aver that Decedent Felipe Rivera left no written will, no administration was had, Rivera owned an interest in certain real property in Webb County, Texas, and Cira Martinez Rivera, Rivera's wife, is his heir-at-law. (Id.) Texas Probate Code § 52A provides a template affidavit, which contains a paragraph about a decedent's existing debts, but the instant affidavit does not include such information. Specifically, the Court's September 2008 judgment against Decedent is not mentioned in the affidavit. Also absent is a listing of the property Defendants now seek to execute judgment upon, namely certain real property in Duval County,

Texas. (Docket No. 95, Ex. 6.)

On October 26, 2009, the Clerk of Court issued a writ of execution listing Plaintiff Felipe Rivera as "judgment debtor." (Docket No. 91, Ex. 3.) A U.S. Marshal served the writ on Felix Rivera, Felipe Rivera's son, on November 10, 2009. (Docket No. 91, Ex. 4.) On November 25, 2009, Plaintiffs filed the instant amended motion to stay execution of the judgment. (Docket No. 90.)

## Discussion

Plaintiffs' motion to stay execution of judgment contains merely two sentences of substantive argument in support of a stay.

> Writs of execution "must accord with the procedure of the state where the court is located." Fed. R. Civ. Proc. 59(a)(1). According to Texas law, if a person dies after judgment for money against him is issued, "execution shall not issue thereon." Tex. R. Civ. P. 625.

In its entirety, Rule 625 states: "If a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration." Also relevant are sections 34.002-.003 of the Texas Civil Practice and Remedies Code. Section 34.002 describes the effect of a _plaintiff's_ death on the execution of a judgment, permitting a writ of execution to issue if a plaintiff dies after judgment, but providing what name(s)

3

to use on the writ. Section 34.003 describes the effect of a <u>defendant's</u> death on the execution of a judgment, staying all execution proceedings if a defendant dies after issuance of a writ of execution, but allowing any lien acquired by levy of the writ to be recognized and enforced. The Court notes the similarity between Rule 625 and § 34.003, both prohibiting execution against a deceased defendant.

In opposition to the motion, Defendants construe the words "defendant" and "plaintiff" strictly, <u>see</u> Tex. Gov't Code Ann. § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."), and argue that "[n]othing suggests that" the terms "plaintiff" and "defendant" "should be inverted for purposes of this case simply because the plaintiffs obtained an adverse judgment against them . . . and because Defendant WCISD is the party who seeks to enforce this judgment." (Defs.' Surreply, Docket No. 95 at 3.) They thus conclude that § 34.003 and Rule 625 do not prevent execution because the provisions concern defendants, and Plaintiffs are not defendants. In a similar vein, they argue that § 34.002(c) establishes that the death of a plaintiff does not abate the post-judgment collection process.

Plaintiffs disagree and argue that such a strict construction of the terms "plaintiff" and "defendant" would "render nearly all of the Texas rules and statutes related to

4

the execution of judgments meaningless with regard to defendants seeking to collect costs." (Pls.' Surreply, Docket No. 96 at 2.) The Court agrees with Plaintiffs and construes the provisions to also express the effect of death on judgment creditors and judgment debtors.

The Court finds instructive the holdings in First National Bank of Bowie v. Cone, et al., 170 S.W.2d 782, 783 (Tex. 1943), and Mackey v. Lucey Products Corp., 239 S.W.2d 607, 608 (Tex. 1951). In these decisions, the Texas Supreme Court used terms, such as "person" and "judgment debtor," that are not limited to a plaintiff/defendant dichotomy. In First National Bank, for example, the Court stated: "It is well settled by the decisions of this state that where a judgment debtor dies, no execution may be issued against his estate, but that the judgment must be collected through the probate court" (emphasis added). While both decisions involved the death of a defendant, their analysis could equally apply to any judgment debtor.

Defendants also argue that Rule 625 does not apply to Plaintiffs because Rivera died before judgment, not after judgment. The Court rejects Defendants' strict reading of Rule 625. The Court reads First National Bank to make it clear that Rule 625 prevents execution of judgment against a deceased judgment debtor. The two key factors are that the party is a judgment debtor and that the judgment debtor is deceased. The

5

Court sees no logical reason why Rule 625's prohibition should apply with any less force in the unusual circumstance of a judgment-debtor who dies before judgment is issued.

Defendants alternatively argue that execution is still appropriate under the Texas Probate Code. Section 37 of the Probate Code provides that the estate of an intestate passes to the heirs-at-law subject to the payment of the debts of the intestate, except as exempted by law. Defendants allege that the Duval County property is not exempt from creditors' claims. If this uncontroverted allegation is true, Defendants may enforce their judgment lien by seeking administration of the decedent's estate in probate court[1] or they may directly sue Decedent's heir and foreclose on the lien.[2] The Court concludes, however, that execution of the judgment against a deceased judgment debtor cannot be allowed.

DONE at Laredo, Texas, this 19th day of June, 2010.

_____
The Honorable George P. Kazen
Senior United States District Judge

---

[1] Creditors may qualify as administrators of an estate. Tex. Prob. Code Ann. § 77(f).

[2] Debts against an estate constitute a statutory lien, and that lien arises at the moment of death. <u>Janes v. Commerce Federal Sav. & Loan Ass'n</u> 639 S.W.2d 490 (Tex. App.—Texarkana 1982, writ ref'd n.r.e.).